UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

THE BANK OF NEW YORK MELLON, as
Trustee,

           Interpleader Plaintiff,

           v.

LEHMAN ABS CORPORATION; CEDE & CO.,
as nominee for the Depository Trust Company;
ALLIANCEBERNSTEIN HOLDING LP; AXA
EQUITABLE LIFE INSURANCE CO.;
DELAWARE LIFE INSURANCE CO.;
GUGGENHEIM PARTNERS LLC; JPMORGAN
CHASE & CO.; LINCOLN NATIONAL LIFE
INSURANCE COMPANY; NATIONWIDE LIFE
INSURANCE COMPANY; NATIONWIDE LIFE
AND ANNUITY INSURANCE COMPANY;
NATIONWIDE MUTUAL INSURANCE
COMPANY; NORTHERN TRUST
CORPORATION; PRINCIPAL LIFE
INSURANCE COMPANY; STATE STREET
BANK & TRUST CO.; and JOHN DOES 1
THROUGH 100, owners of Beneficial Interests in
Certificates issued under the Trust Agreement,

           Interpleader Defendants.

-------------------------------------------------------------- X

**INTERPLEADER COMPLAINT**

Docket No: _____

Interpleader Plaintiff, The Bank of New York Mellon, by its undersigned counsel, in its capacity as Trustee (the "Trustee") under a Series Trust Agreement (the "STA") and a Standard Terms for Trust Agreements (the "STTA" and, together with the STA, the "Trust Agreement")[1], both dated as of July 11, 1997, and both entered into by and among Lehman ABS Corporation, as Depositor (the "Depositor"), and The Bank of New York, now known as The Bank of New York Mellon, as Trustee, for its Interpleader Complaint hereby alleges and states as follows:

-----

[1]    The STA and the STTA, comprising the Trust Agreement, are attached hereto as Exhs. 1A and 1B, respectively.

**I.**

<u>**NATURE OF ACTION**</u>

1.      This is an interpleader action (the "Action") brought for the purpose of adjudicating the respective rights of the Interpleader Defendants with respect to a $4,750,000 interest payment held by the Trustee (the "Disputed Funds") in connection with a November 15, 2017 payment on $100,000,000 current outstanding aggregate principal amount of 9½% Debentures, Series HQ, due November 15, 2030, issued by Hydro-Quebec (the "Underlying Securities").[2]  The Trustee faces competing demands by certain Interpleader Defendants with respect to the Disputed Funds and wishes to obtain the direction of the Court as to the proper disposition of this asset.

2.      The Bank of New York Mellon is Trustee under the Trust Agreement, and brings this Action as Interpleader Plaintiff solely in its capacity as Trustee.

3.      On or about July 11, 1997, pursuant to the Trust Agreement, the Depositor deposited the Underlying Securities into trust (the "Trust").  The Trust then issued two Global Certificates, which consist of a Global Class A-1 Certificate and a Global Class A-2 Certificate, registered in the name of Cede & Co., as nominee of the Depository Trust Company (the "DTC"), while the Trust Agreement also authorized the issuance of additional Class A-1 and Class A-2 Certificates (together, all Certificates referenced in this Paragraph shall be referred to herein as the "Certificates").  The form of the Class A-1 and Class A-2 Certificates were attached to the STA as Appendices C-1 and C-2, respectively.

---

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Trust Agreement.

4.     As provided in the Trust Agreement, the Certificates represent the entire beneficial ownership interests in the Trust, and the Underlying Securities are the sole source of distributions on the Certificates.

5.     Pursuant to the Trust Agreement and the Certificates, the holders of beneficial interests in Class A-1 Certificates are entitled to distributions of interest paid on the principal amount of the Underlying Securities for approximately a 20-year period, after which the Underlying Securities are distributed outright to the Class A-2 Certificateholders, entitling the Class A-2 Certificateholders to the remaining interest payments paid on the principal of the Underlying Securities, until their maturity in 2030.

6.     A dispute has arisen, because Principal Life Insurance Company ("Principal"), upon information and belief a holder of 100% of the beneficial interest in the Class A-2 Certificates, on one hand, and on the other hand Northern Trust Corporation ("Northern Trust"), upon information and belief a representative of an undisclosed holder of a beneficial interest in Class A-1 Certificates, and Guggenheim Partners LLC ("Guggenheim"), upon information and belief an investment manager for Delaware Life Insurance Company, holder of a beneficial interest in Class A-1 Certificates, have made mutually exclusive claims of entitlement to the Disputed Funds.

7.     After all holders of the Class A-1 and Class A-2 Certificates were notified of the dispute to entitlement to the Disputed Funds, the parties did not resolve their dispute.  Thus, the Trustee commenced this interpleader action so that the Court can adjudicate the proper recipient of the Disputed Funds.

8.     Accordingly, the Trustee now seeks to interplead the Disputed Funds into Court and ultimately discharge itself from this Action.

9.     The Trustee has no liability to any of the Interpleader Defendants, and the Trustee has no bias, preference or opinion as to which of the above demands, if any, are ultimately deemed proper by this Court.  Moreover, the Trust Agreement provides a number of protections insulating the Trustee from liability.

10.     The Trust Agreement is governed and construed in accordance with the laws of the State of New York.

11.     The Disputed Funds are present in the Southern District of New York.

## II.

## PARTIES

12.     Plaintiff Trustee is a banking corporation organized under the laws of the State of New York, with its principal place of business located at 101 Barclay Street, New York, New York 10286.

13.     Upon information and belief, the Depositor is a wholly-owned, indirect subsidiary of Lehman Brothers Holdings Inc. ("LBHI"), incorporated under the laws of Delaware.  On September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), *In re Lehman Brothers Holdings Inc. et al.*, Case Number 08-13555.  However, upon information and belief, the Depositor did not file for bankruptcy, and continues in existence.

14.     LBHI exited bankruptcy on March 6, 2012, and, upon information and belief, continues to exist for the purpose of liquidation pursuant to the bankruptcy plan approved by the Bankruptcy Court.

15.     Upon information and belief, Cede & Co. is the nominee of the DTC, a limited purpose trust company organized under the banking laws of New York, with its principal place of business at 55 Water Street, New York, New York 10041.  Upon further information and belief, Cede & Co. is the registered Certificateholder for the Certificates.

16.     Upon information and belief, Cede & Co., as DTC's nominee, holds the Certificates for DTC participants (the "DTC Participants"), which DTC Participants,  upon information and belief, are financial institutions holding these interests on behalf of certain beneficial holders (the "Beneficial Holders").

17.     Pursuant to the Trust Agreement, when the Trustee receives an interest payment on the Underlying Securities, it is obligated to deliver the interest payment to the DTC, which, upon information and belief, transfers the interest payment to the DTC Participants for subsequent payment to Beneficial Holders.  Cede & Co. and the DTC Participants are named herein because, upon information and belief, they are registered owners of record of interests in the Certificates for the benefit of the Beneficial Holders.

18.     Upon information and belief, AllianceBernstein Holding LP, a limited partnership organized under the laws of Delaware, with its principal place of business located at 1345 Avenue of the Americas, New York, New York 10105, is the investment manager for AXA Equitable Life Insurance Co., a Beneficial Holder of an interest in a Class A-1 Certificate.

19.     Upon information and belief, AXA Equitable Life Insurance Co., a corporation organized under the laws of New York, with its principal place of business located at 1290 Avenue of the Americas, New York, New York 10104, is a Beneficial Holder of an interest in a Class A-1 Certificate, and may therefore have a beneficial interest in the Disputed Funds.

20.     Upon information and belief, Delaware Life Insurance Co., a corporation organized under the laws of Delaware, with its principal place of business located at 1601 Trapelo Road Suite 30, Waltham, Massachusetts 02451, is a Beneficial Holder of an interest in a Class A-1 Certificate, and may therefore have a beneficial interest in the Disputed Funds.

21.     Upon information and belief, Guggenheim Partners LLC, a limited liability company organized under the laws of Delaware, with its principal place of business located at 330 Madison Avenue, New York, New York 10017, is the investment manager for Delaware Life Insurance Co., a Beneficial Holder of an interest in a Class A-1 Certificate.

22.     Upon information and belief, JPMorgan Chase & Co., a corporation organized under the laws of Delaware, with its principal place of business at 270 Park Avenue, New York, New York 10017, is a DTC Participant, and is named herein as a DTC Participant acting on behalf of holders with beneficial interests in Class A-1 Certificates.

23.     Upon information and belief, Lincoln National Life Insurance Company ("Lincoln"), a corporation incorporated under the laws of Indiana, with its principal place of business at 1300 South Clinton Street, Fort Wayne, Indiana 46802, is a Beneficial Holder of an interest in a Class A-1 Certificate, and may therefore have a beneficial interest in the Disputed Funds.

24.     Upon information and belief, Nationwide Life Insurance Company ("Nationwide LIC"), a corporation organized under the laws of Ohio, with its principal place of business at 1 Nationwide Plaza, Columbus, Ohio 43215-2220, is a Beneficial Holder of an interest in a Class A-1 Certificate, and may therefore have a beneficial interest in the Disputed Funds.

25.     Upon information and belief, Nationwide Life and Annuity Insurance Company ("Nationwide LAIC"), a corporation incorporated under the laws of Ohio, with its principal place

of business at 1 Nationwide Plaza, Columbus, Ohio 43215-2220, is a Beneficial Holder of an interest in a Class A-1 Certificate, and may therefore have a beneficial interest in the Disputed Funds.

26.     Upon information and belief, Nationwide Mutual Insurance Company ("Nationwide MIC" and, together with Nationwide LIC and Nationwide LAIC, "Nationwide"), a corporation organized under the laws of Ohio, with its principal place of business at 1 Nationwide Plaza, Columbus, Ohio 43215-2220, is a Beneficial Holder of an interest in a Class A-1 Certificate, and may therefore have a beneficial interest in the Disputed Funds.

27.     Upon information and belief, Northern Trust Corporation, a corporation organized under the laws of Illinois, with its principal place of business at 50 South La Salle Street Chicago, Illinois 60603, is a DTC Participant, and is named herein as a DTC Participant acting on behalf of holders with beneficial interests in a Class A-1 Certificate.

28.     Upon information and belief, Principal, a corporation incorporated under the laws of Iowa, with its principal place of business at 711 High Street, Des Moines, Iowa, 50392-0300, is the Beneficial Holder of the entirety of the beneficial interest in the Class A-2 Certificates, and may therefore have a beneficial interest in the Disputed Funds.[3]

29.     Upon information and belief, State Street Bank & Trust Co., a corporation organized under the laws of Massachusetts, with its principal place of business at One Lincoln Street Boston, Massachusetts 02111, is a DTC Participant, and is named herein as a DTC Participant acting on behalf of holders with beneficial interests in a Class A-1 Certificate.

---

[3]     Upon information and belief, Principal Mutual Life Insurance Company, the entity acquiring the Class A-2 Certificates upon their issuance on or about July 11, 1997, changed its name in 1998 to Principal Life Insurance Company.

30.     The Bank of New York Mellon, separate and apart from its capacity as Trustee pursuant to the Trust Agreement, acts as a DTC Participant for Beneficial Holders Lincoln and Nationwide, who are named Parties herein. The Bank of New York Mellon is not named as a Party in this Action as a DTC Participant, and brings this Action solely in its capacity as Trustee.

31.     John Does 1 through 100 are named in this Action because, upon information and belief, they include the Beneficial Holders of interests in Class A-1 Certificates. The Trustee currently is not aware of the identities of all the Beneficial Holders of interests in Class A-1 Certificates. John Does 1 through 100, as Beneficial Holders of interests in Class A-1 Certificates, may therefore have beneficial interests in the Disputed Funds.

### III.

### JURISDICTION AND VENUE

32.     Jurisdiction is appropriate under 28 U.S.C. § 1335 because this is a civil action of interpleader, or in the nature of interpleader, two or more adverse interpleader defendants are of diverse citizenship and the amount in controversy exceeds $500.

33.     Pending resolution of this dispute, and subject to any order of this Court, the Trustee will not make a distribution of or otherwise dispose of the Disputed Funds.

34.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York and because and the property that is the subject of the Action, the Disputed Funds, is present in this district.

35.     Venue also is proper in this Court pursuant to 28 U.S.C. § 1397, because, upon information and belief, one or more of the defendant claimants reside in this district.

## IV.

## FACTUAL ALLEGATIONS

36.    Under the STA, holders of the Class A-1 Certificates are entitled to distributions of interest paid on the principal amount of the Underlying Securities on each Certificate Distribution Date, which includes the 15th day of each May and November (or, if such date is not a Business Day, then on the immediately following Business Day), and which includes the "Final Scheduled Distribution Date."  Exh. 1A, p. 2 (definition of "Certificate Distribution Date").  The "Final Scheduled Distribution Date" is defined under the STA as "November 15, 2017."  Exh. 1A, p. 3.  This appears to entitle the Beneficial Holders of the Class A-1 Certificates to the Disputed Funds.

37.    The STA further states that the "Certificates shall be held through the Depository in book-entry form and shall be substantially in the forms attached hereto as Appendices C-1 and C-2." *See* Exh. 1A at 4.

38.    The forms of the Certificates are attached as Appendices to STA, and, while not referencing or defining the "Final Scheduled Distribution Date," state that the "the Final Distribution Date shall be May 15, 2017."  Exh. 1A, Appendix C-1, p. 4 and Appendix C-2, p. 4. This appears to entitle the Beneficial Holders of the Class A-2 Certificates to the Disputed Funds.

39.    Upon information and belief, on or about the July 11, 1997, the date of the issuance of the Certificates, a Supplement to Private Placement Memorandum and a Private Placement Memorandum were made available to potential Beneficial Holders.  The Supplement to Private Placement Memorandum and Private Placement Memorandum are attached hereto as Exhs. 2A and 2B, respectively.

40.     The Supplement to the Private Placement Memorandum defines the "Final Scheduled Distribution Date" as May 15, 2017.  This appears to entitle the Beneficial Holders of the Class A-2 Certificates to the Disputed Funds.  Exh. 2A at pp. 1 and S-5.

41.     After becoming aware of the inconsistency in the documentation as to which holder class was entitled to receive the Disputed Funds, the Trustee attempted to contact representatives of the Beneficial Holders, including Guggenheim, upon information and belief an investment advisor for Delaware Life Insurance Company, a Beneficial Holder of approximately 25% of the Class A-1 Certificates, Northern Trust, upon information and belief a representative of an undisclosed Beneficial Holder of certain Class A-1 Certificates, and Principal, upon information and belief holder of 100% of the Class A-2 Certificates, in addition to other Beneficial Holders.

42.     Guggenheim and Northern Trust both claimed that the Series A-1 Certificateholders are entitled to the Disputed Funds pursuant to the Trust Agreement.

43.     Conversely, Principal claimed that it, as the Beneficial Holder of the Class A-2 Certificates, was entitled to the Disputed Funds pursuant to the Certificates.

44.     The Trustee was unable to resolve the dispute, and on November 2, 2017 issued a Notice to Holders (the "November 2, 2017 Notice"), attached hereto as Exh. 3, which, upon information and belief, was distributed to all DTC Participants and Beneficial Holders through the DTC.

45.     The November 2, 2017 Notice detailed the dispute regarding entitlement to the Disputed Funds, and stated in part:

> As a result of this inconsistency, the potential conflict and actual conflict between holders of Class A-1 Certificates and the holders of the Class A-2 Certificates, the Trustee currently anticipates that it will not be able to make payment of the Disputed Payment to either the holders of the Class A-1 Certificates or the holders

of the Class A-2 Certificates on November 15, 2017. The Trustee urges the holders of the Class A-1 Certificates and the Class A-2 Certificates to resolve this dispute and to notify the Trustee, in writing, of any such resolution by November 15, 2017. In the event this matter has not been resolved by November 15, 2017, the Trustee reserves all of its rights and remedies under the Trust Agreement, including but not limited to, the right to commence an interpleader action and to seek all other available remedies at law or in equity.

46.     As of the date of the filing of this Interpleader Complaint, the Trustee has not received written notice that the dispute has been resolved.

47.     Thus, there are competing claims to the Disputed Funds for resolution by the Court.

## V.

## CLAIM FOR RELIEF
**(Interpleader)**

48.     Interpleader Plaintiff, the Trustee, repeats and realleges paragraphs 1 through 47 as if fully set forth herein.

49.     The Trustee is in possession of the Disputed Funds, to which certain Interpleader Defendants make a claim of ownership.

50.     The Trustee is in doubt as to who is entitled to the Disputed Funds.

51.     The Trustee is therefore faced with competing claims to ownership of the Disputed Funds from the Interpleader Defendants.  The Trustee wishes to obtain an adjudication of those claims in a single proceeding.

52.     The Trustee is indifferent and disinterested as to which of the Interpleader Defendants is entitled to the Disputed Funds.

53.     As a result of the competing claims to Disputed Funds, the Trustee is or may be exposed to multiple claims and liabilities if it were to distribute the Disputed Funds without a final court order or the agreement of the Interpleader Defendants.

- 11 -

54.     The Trustee is ready and willing to deposit the Disputed Funds with the Court, or to place the entirety of the Disputed Funds in an interest bearing interpleader escrow account (the "Interpleader Escrow Account") held by the Trustee, preserving such funds and reserving all rights and claims thereto, pending a determination by this Court of the controversy and the respective rights to such Disputed Funds.

55.     By reason of the foregoing, the Trustee is entitled to a judgment discharging it from liability in connection with the Disputed Funds and requiring Interpleader Defendants to interplead and settle among themselves.

## CONCLUSION AND PRAYER FOR RELIEF

56.     BASED UPON THE FOREGOING, the Trustee respectfully requests that the Court enter an order:

(1)     directing the Trustee to deposit the Disputed Funds with the Court, or to maintain the Disputed Funds in an Interpleader Escrow Account until the parties' respective rights to such Disputed Funds are determined by the Court;

(2)     requiring all parties and all other individuals or entities claiming a right to the Disputed Funds to appear and assert their respective claims to the Disputed Funds;

(3)     enjoining all parties and all other interested persons from instituting or pursuing any proceedings in any court, federal or state, against the Trustee for the recovery of the Disputed Funds, on account of any party's purported claims or rights to such Disputed Funds, and/or on account of any party's purported rights arising as a consequence of this Action under the Trust Agreement;

(4)     directing that the Disputed Funds be distributed, or directing the Trustee to distribute amounts in the Interpleader Escrow Account as directed by the Court, upon final judgment determining the respective interests of the Defendants and all other interested persons in the Disputed Funds;

(5)     releasing and discharging the Trustee from any and all liability to any party and any other interested persons and all those claiming through or acting with them, or claiming any interest, beneficial or legal, through such party or through others in the Disputed Funds and with respect to any consequences of this Action under the Trust Agreement, conditioned upon the Trustee's compliance with the future orders and judgment of the Court as described above;

(6)     permitting the Trustee to pay for the costs of this suit, including the Trustee's costs and attorneys' fees incurred in prosecuting this Action, from the Disputed Funds held with the Court or in the Interpleader Escrow Account; and

(7)     granting the Trustee such other and further relief, at law or in equity, to which it may show itself justly entitled.


Dated: New York, New York
        November 16, 2017


                              **EMMET, MARVIN & MARTIN, LLP**


                              By:   /s/ Paul T. Weinstein
                                    Paul T. Weinstein (PW-8716)
                                    Tyler J. Kandel (TK-4452)
                                    120 Broadway, 32nd Floor
                                    New York, New York 10271
                                    (212) 238-3000
                                    *Attorneys for Interpleader Plaintiff,*
                                    *The Bank of New York Mellon, as*
                                    *Trustee*